## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2020, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Conner R. Dickerson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mack Arthur Giles III,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 22, 2020

Court of Appeals Case No.
20A-CR-1408

Appeal from the Lake Superior Court

The Honorable Samuel L. Cappas, Judge

Trial Court Cause No.
45G04-1909-F3-161

**Weissmann, Judge.**

Mack Arthur Giles III broke the wrist of a child entrusted to his care. He then delayed reporting the injury and falsified a written report of the abuse. Although Giles later admitted his wrongdoing, he claims his four-year sentence for neglect of a dependent is inappropriate in light of the nature of the offense and his character. As Giles has failed to demonstrate his sentence is inappropriate, we affirm the trial court's judgment.

## Facts

Giles worked at the A is for Apple Learning Center, a Hammond daycare facility attended by five-year-old A.T. and his eight-year-old brother. When an energetic A.T. became distracting, Giles escorted A.T. outside, where a security camera caught Giles' attempts to discipline the child. Giles admitted he "jerked [A.T.] to the ground and back to his feet multiple times" and "twisted the arm of [A.T.] while standing and on the ground." App. Vol. II p. 76. These acts bruised the child's shoulder and broke his wrist. Instead of reporting to his supervisors, Giles hid the child's injury for three hours.

The State originally charged Giles with three counts of neglect of a dependent resulting in serious bodily injury as Levels 3, 5, and 6 felonies. *See* Ind. Code § 35-46-1-4. The State also charged Giles with battery as both a Level 5 and Level 6 felony. *See* Ind. Code § 35-42-2-1 (2018). Giles and the State entered into a plea agreement calling for Giles to plead guilty to neglect of a dependent, a Level 5 felony, in exchange for dismissal of the remaining counts. After accepting the agreement, the trial court imposed a four-year sentence, with

three years to be served in prison and one year to be served in Community Corrections.

## Discussion and Decision

[4] Giles raises one issue on appeal: whether this Court should revise his sentence under Indiana Appellate Rule 7(B). That rule permits revision of a sentence authorized by statute where the sentence is "inappropriate in light of the nature of the offense and the character of the offender." *Id.* Whether a sentence is inappropriate turns on the culpability of the defendant, the severity of the offense, the damage done to others, and a myriad of other facts evident in a particular case. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[5] Giles claims his guilty plea, remorse, lack of criminal history, youth, and general good character justify a term of probation and not incarceration. The sentencing range for a Level 5 felony is between one and six years, with an advisory sentence of three years imprisonment. Ind. Code § 35-30-2-6(b). That places Giles's four-year sentence slightly above the advisory level.

[6] The nature of the offense was shocking. Giles significantly harmed a five-year-old child entrusted to his care. Commission of a crime while in a position of trust justifies a harsher sentence. See Ind. Code § 35-38-1-7.1(a)(8). Giles broke the small boy's wrist during a three-minute "exercise" session during which Giles twisted his arm while flinging him up and down. The abuse continued even after the child seemingly began to cry and signaled by shaking his wrist

that he had been injured.  The child's brother watched through a window and endured his brother's screams.

[7]     When A.T. complained of pain, Giles iced A.T.'s wrist but did not report the early morning injury to the daycare administrators until three hours later.  More than six hours after the abuse, the daycare informed A.T.'s mother that A.T. had injured his arm in a fall and was falsely blaming a teacher for hurting him. A.T.'s mother learned otherwise only after observing bruises in the shape of fingers on A.T.'s upper shoulder that evening.

[8]     During an investigation by the Indiana Department of Child Services (DCS), the DCS worker who viewed the security video recommended Mother seek medical attention for A.T.  Only then did Mother know to take A.T. to the hospital, where he was diagnosed with a broken wrist and placed in a full arm cast.  Given these facts, Giles has not convinced us that the nature of the offense demands a lesser sentence.

[9]     Giles next argues that his decision to plead guilty reflects positively on his character. Through his plea agreement, Giles admitted to a mid-level felony in exchange for dismissal of five other offenses, ranging from a Level 6 felony to a Level 3 felony.  In so doing, he ensured his maximum sentencing exposure was six years, rather than sixteen years for the Level 3 felony alone.  See Ind. Code § 35-50-2-5(b).  For that reason, and because the security video left no doubt as to Giles's criminal culpability, Giles's guilty plea was pragmatic and offered little reason for leniency.  *See Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind.

2007) (observing that a guilty plea is not significantly mitigating where the defendant receives a substantial benefit from it).

[10] At sentencing, Giles was a remorseful twenty-three-year-old with one year of college and no criminal convictions. Though these factors reflect positively on Giles' character, the trial court likely considered these details in opting not to impose the maximum sentence and by allowing Giles to serve part of his time in Community Corrections. Moreover, his post-offense actions counterbalance his remorse. A.T. suffered needless additional pain for many hours—perhaps more than a day—because Giles concealed the injury he caused. When Giles finally divulged the injury, he lied and reported the child "tripped with both arms out to brace the fall." State's Ex. 3. Although Giles claimed he was instructed by the daycare to falsify that written report, the daycare's deception did not justify his own.[1]

[11] Given our usual deference to trial courts' sentencing determinations, Giles bears the burden of persuading us his sentence is inappropriate in light of the

---

[1] Giles challenges the State's reliance on: 1) the probable cause affidavit attached to the presentence investigation report; and 2) the written reports generated by Giles and the daycare admitted at his sentencing hearing as State's Exhibits 2 and 3. Giles notes such evidence contained information not mentioned in the stipulation of facts attached to the plea agreement. Giles does not offer any basis for prohibiting the trial court's consideration of additional relevant facts that do not conflict with that stipulation. Regardless, Giles has waived any error in the trial court's consideration of such information by specifically accepting the presentence investigation report as "true and accurate" and failing to object to the admission of State's Exhibits 2 and 3. Tr. Vol. II, pp. 17-18; *Dillard v. State*, 827 N.E.2d 570, 576 (Ind. Ct. App. 2005), *trans. denied* (ruling that failure to object to a presentence investigation report waives appellate review of the trial court's consideration of its contents); *Angleton v. State*, 686 N.E.2d 803, 814 (Ind. 1997), *reh. denied*, *cert. denied*, 529 U.S. 1132 (2000) (finding defendant waived any error arising from sentencing exhibit admitted without his objection).

nature of the offense. *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015); *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). As he has failed in that task, we affirm the trial court's judgment.

Mathias, J., and Altice, J., concur.